# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | CIVIL ACTION NO. 1:21-CV-840 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN M. THOMPSON and FEDERAL BUREAU OF PRISONS,** | : | |
| Respondents | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Frederick Banks ("Banks"), an inmate confined at the Federal Correctional Institution, Allenwood Low, in White Deer, Pennsylvania. Named as respondents are Warden M. Thompson and the Federal Bureau of Prisons. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the court will dismiss the petition.

## I.    Background

In the habeas petition, Banks contends that respondents incorrectly handled his legal mail on May 5, 2021. (Doc. 1 at 1). Banks asserts that he was called to the Secretary's office and it "appeared that the Secretary opened the mail in front of

---

[1] Rule 4 provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. GOVERNING § 2254 CASES R.4. See also R. GOVERNING § 2254 CASES R. 1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court).

him." (Id.) When the mail was opened, the envelope contained a letter addressed to Banks and allegedly stated that a copy of a judgment was enclosed with the letter. (Id.) Banks alleges that the judgment was not enclosed with the letter and that respondents inappropriately removed the judgment from the mailing. (Id.)

For relief, Banks seeks release from custody and an order directing respondents to provide a copy of the missing judgment. (Id. at 2).

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Additionally, when an inmate's challenge is to "a

condition of confinement such that a finding in [the inmate's] favor would not alter his sentence or undo his conviction," a petition for writ of habeas corpus is inappropriate. Leamer, 288 F.3d at 542.

In the instant habeas petition, Banks is not challenging the duration or propriety of his sentence. Instead, he asserts that respondents interfered with his legal mail on one occasion. The proper means of seeking redress for this action is to file a civil suit for violation of constitutional rights, following exhaustion of administrative appeals. Banks' claim does not appropriately lie in habeas and the instant habeas petition will be dismissed.

## III. Conclusion

The court will dismiss the habeas petition without prejudice to any right Banks may have to reassert his present claim in an appropriate civil rights action.[2]

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:   May 17, 2021

---

[2] The court expresses no opinion as to the merits, if any, of any civil rights claims Banks may file based upon the facts asserted herein.